IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-198 |
| | ) | (Formerly CR 110-041) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 13).[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED**

---

[1] Petitioner requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 11, 12.) The Court notes that Petitioner, who is proceeding *pro se*, did not sign his objections; rather, his name is printed with a line above it where a signature would apparently belong. (See doc. no. 13, p. 11.) Both Fed. R. Civ. P. 11(a) and Loc. R. 11.1 require *pro se* parties to sign all filings, however. Indeed, the Magistrate Judge specifically reminded Petitioner that he must sign all filings in his Order granting Petitioner an extension of time to submit objections. (See doc. no. 12, n.1.) Still, because the Court finds that Petitioner's objections lack merit in any event, it will not in this instance require him to correct this deficiency.

In his objections, Petitioner insists that the Magistrate Judge found in the R&R that Petitioner's prior convictions used to enhance his sentence under 18 U.S.C. § 924(e) were properly authenticated in accord with Shepard v. United States, 544 U.S. 13 (2005). To the contrary, however, the Magistrate Judge made *no* findings about the authentication of Petitioner's prior convictions because he properly found that Petitioner's claims in that regard were barred by the collateral attack waiver in Petitioner's plea agreement. (See doc. no. 9, p. 9.) Petitioner's remaining objections are either a reiteration of contentions already sufficiently addressed by the Magistrate Judge or are otherwise without merit, and they fail to provide any basis for departing from the conclusions set forth in the R&R. Therefore, Petitioner's objections are **OVERRULED**.

as the opinion of the Court. Therefore, Respondent's motion to dismiss is **GRANTED** (doc. no. 6) and the instant motion filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** without an evidentiary hearing.

Furthermore, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 15th day of March, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2